People v Fofana (2025 NY Slip Op 01879)

People v Fofana

2025 NY Slip Op 01879

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Rosado, Michael, JJ. 

Ind No. 73008/22|Appeal No. 3979|Case No. 2023-02887|

[*1]The People of the State of New York, Respondent,
v
Moussa Fofana, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Elliott R. Hamilton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Alberto Lorenzo, J.), rendered May 5, 2023, convicting defendant, upon his plea of guilty, of criminal possession of a firearm, and sentencing him to a term of probation of five years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of granting defendant's application for a certificate of relief from disabilities, and otherwise affirmed.
Defendant's waiver of his right to appeal was valid (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]), which forecloses review of his Second Amendment challenge (see People v Rivera, 233 AD3d 548 [1st Dept 2024]; People v Johnson, 225 AD3d 453, 453-454 [1st Dept 2024], lv granted 42 NY3d 939 [2024]). In any event, his claim is partially unpreserved (see People v Cabrera, 41 NY3d 35 [2023]), and we decline to review it in the interest of justice. As an alternative holding, we find that defendant has failed to establish that he has standing to challenge Penal Law § 265.01(1)-b(1), or that the statute is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1 [2022]) (see People v Johnson, 225 AD3d at 455; People v Jackson, 225 AD3d 547, 548 [1st Dept 2024], lv denied 41 NY3d 1002 [2024]).
Defendant's valid waiver of the right to appeal also forecloses review of his excessive sentence claim (see People v Johnson, 225 AD3d at 455). As an alternate holding, we perceive no basis for reducing defendant's sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025